IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WELLS FARGO BANK, N.A., successor to )
WELLS FARGO BANK MINNESOTA, N.A. )
successor to NORWEST BANK MINNESOTA )
                                  Plaintiff, )
            vs.                       ) No. 08 CV 3910
ROZINA WILKS                     )
                                           ) Judge John Nordberg (1801)
                                  Defendants. )

## **JUDGMENT OF FORECLOSURE AND SALE**

This cause having been duly heard by this Court upon the record herein, the Court FINDS;

1. That it has jurisdiction of the parties to and the subject matter of this suit.

2. That all the material allegations of the Complaint are true and proven.

3. That by virtue of the Mortgage and Note secured thereby, alleged in the Complaint, there is due to the Plaintiff, and it has a valid and subsisting lien upon the hereinafter described property, for the following amounts:

| | | | |
|---|---|---|---|
| Unpaid Principal Balance | | $ | 85,086.00 |
| Interest as of 12-03-2008 | | | 28,237.32 |
| Advances authorized by loan documents | | | 19,777.34 |
| Late Charges | | | 0.00 |
| | | $ | 133,100.66 |
| Clerk's Fee | $ 350.00 | | |
| Service of Summons | 220.00 | | |
| Recording Lis Pendens Notice | 50.00 | | |
| Title Charges | 725.00 | | |
| Certified Copies | | | |
| Reasonable Attorney's Fees | 1,300.00 | | |
| Publication for Service | 350.00 | | |
| Attorney's Fee for Bankruptcy | | | |
| .Fee to shorten redemption | 350.00 | | |
| | | $ | 3,345.00 |
| TOTAL | | $ | 136,445.66 |

- 1 -

4. That the rights and interest of all the other parties to this cause in and to the property hereinafter described are inferior to the lien of the plaintiff mentioned in paragraph 3 of this Judgment.

5. That the mortgaged premises mentioned in the Complaint and herein referred to and directed to be sold are described in Exhibit "A", a copy of which is attached hereto and made a part hereof.

IT IS ORDERED AND ADJUDGED that the last of the owners of redemption has been duly served PUBLICATION on 10/15/08; and that the period of redemption shall expire and terminate on January 4, 2009 or otherwise pursuant to the provisions of the Illinois Mortgage Foreclosure Law or, in the event that the United States of America is named as a party to this proceeding with respect to a lien arising under the internal revenue laws, pursuant to 28 U.S.C. Section 2410, the United States of America shall be granted 120 days from the date of the foreclosure sale within which to redeem the property from said sale.

IT IS FURTHER ADJUDGED that, unless within three (3) days from the entry of this Judgment there shall be paid to the plaintiff the respective sums with interest thereon, mentioned in Paragraph 3 of this Judgment, and if the premises shall not be redeemed according to and within the time provided by law, the defendants, and all persons claiming under them or any of them since the commencement of this suit, be forever barred and foreclosed of and from all rights and equity of redemption or claim of, in and to said premises, or any part

thereof; and in case said premises shall not be redeemed as aforesaid, then the real estate hereinabove described, together with all improvements thereon and appurtenance belonging thereto, or so much thereof as may be necessary to pay the amounts found due, and which may be sold separately without material injury to the parties in interest, be sold at public vendue to the highest bidder for cash by a Special Commissioner of this Court.

That said Commissioner give public notice of the time, place and terms of such sale by publishing the same at least once in each week for four (4) successive weeks in a secular newspaper of general circulation published in the County where the property is located, the first publication to be not more than forty-five (45) days before the date of said sale and the last publication to be not less than seven (7) days prior to the sale; that he may, in his discretion, for good reason, adjourn the sale so advertised, and continue the same from time to time, without further notice or publication of such sale, by oral proclamation by him at the time and place set by the notice of publication of such sale, or such announced subsequent date; that plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale.

That said Commissioner upon making such sale, shall, with all convenient speed, report the same to the Court for its approval and confirmation, and he shall likewise report the distribution of the proceeds of sale and his acts and doings in connection therewith; that he may accept plaintiff's receipt for its distributive share of the proceeds of sale in lieu of cash; that, in lieu of cash he may accept the receipt of any party to this proceeding found herein to have a lien on the property in question for said party's distributive share of the proceeds of sale for those amounts over and above the amounts due to Plaintiff; that out of the proceeds of such sale, he shall make

distribution in the following order of priority:

    (a)    For his fees, disbursements and commission on such sale;

    (b)    To the Plaintiff or its attorney of record, the amounts mentioned in paragraph 3 of this Judgment plus allowable interest accrued and expenses incurred since the entry of this Judgment.

    (c)    In the event that a surplus remains, then to those parties found herein to have a lien on the property in question so far as their lien shall reach and in the priorities adjudicated by this Court.

That the Commissioner take receipts from the respective parties to whom he may have made payments as aforesaid, and file same with his report of sale and distribution in this Court; that if, after the payment of all the foregoing items, there shall still be a remainder, he hold the surplus subject to the further order of this Court, and that if there be insufficient funds to pay in full the amounts found due herein, he specify the amount of deficiency in his report of sale.

That plaintiff shall be entitled to Judgment for the amount of such deficiency.

That plaintiff shall be entitled to a lien upon the rents, issues and profits from the premises involved herein during the period of any special right of redemption for the amount of such deficiency, whether or not a redemption is made from the sale hereunder prior to the expiration of said period of redemption.

That upon confirmation of said sale, the Commissioner shall execute and deliver to the successful bidder at said sale, a good and sufficient deed of conveyance of said premises; and that the order confirming said sale shall include a Judgment for possession, and the grantee of the deed, or its representatives or assigns be let into possession of said premises and that any of the parties hereto who shall be in possession of said premises, or any portion thereof, or any person who may come into possession of said premises under them, or any of them, since the

commencement of this suit, shall surrender possession of said premises to said grantee, or grantees, his or her representatives or assigns, and in default of so doing, the Sheriff of the County wherein the property is located may place said grantee in full and complete possession of said premises.

The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for the purpose of appointing or continuing a Receiver herein during the period of redemption.

This court has approved the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by defendant in the event of redemption by defendants, or a deficiency judgment, or otherwise. In the event of redemption by defendant or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorneys' fees to be included for either such purpose. Plaintiff's counsel is required to notify defendant of the provisions of this paragraph.

DATED:

                                        **ENTER:**

_____
J U D G E

KROPIK, PAPUGA & SHAW
120 South LaSalle Street
Chicago, Illinois 60603
312/236-6405

Re: WILKS

LEGAL DESCRIPTION
───────────────────

. LOT 188 IN J.E. MERRION'S MARYNOOK ADDITION, A
. RESUBDIVISION OF PART OF THE WEST 1/2 OF THE SOUTHEAST 1/4
. AND PART OF THE EAST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 35,
. TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL
. MERIDIAN, IN COOK COUNTY, ILLINOIS.
.
.
.
.
.
.
.
.
.
.
.
.
.
.

SAID PROPERTY IS COMMONLY KNOWN AS: 1269 EAST 85TH STREET
                                    CHICAGO, IL 60619

PERMANENT TAX NO.: 20-35-423-014

EXHIBIT 'A'