

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

THOMAS G. BRUTON
CLERK

312-435-6860

August 3, 2021

Kenneth Kline Shaw , Jr.
Kropik, Papuga & Shaw
120 South LaSalle Street
Suite 1930
Chicago, IL 60603
Email: kropik@kropik.net

Robert Edward Haney
Kropik Papuga & Shaw
120 South LaSalle Street
Suite 1327
Chicago, IL 60603
Email: roberth@kropik.net

Laura Christine Wardinski
Kropik, Papuga & Shaw
120 South LaSalle Street
Suite 1327
Chicago, IL 60603
Email: laura_wardinski@kropik.net

Stanley W. Papuga
Kropik, Papuga & Shaw
120 South LaSalle Street
Suite 1327
Chicago, IL 60603
Email: kropik@kropik.net

**In re: Wells Fargo Bank, N.A. v. Wilks, Case No. 08 CV 3910**

Dear Counsel,

This case was closed on December 3, 2008 based upon an Order for Judgement of Foreclosure and Sale. We learned recently, however, that Judge John Nordberg, who entered that order, owned stock in Wells Fargo Bank at the time he presided over the case. Under the Code of Conduct for United States Judges, Judge Nordberg's ownership of stock in Wells Fargo required him to recuse from the case. Judge Nordberg retired from the bench in 2014 and is now deceased. We believe his failure to recuse was inadvertent and do not believe that his ownership of stock affected or impacted his decision in this case, but it is my responsibility to notify you of this conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Advisory Opinion 71 is addressed to a situation involving an appellate judge who has heard oral argument, but the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

August 3, 2021
Page 2

    With Advisory Opinion 71 in mind, I invite you to respond to this letter, and ask that you do so no later than August 31, 2021. Your response if any, will be considered by another judge of this court.

Very truly yours,

Thomas G. Bruton
Clerk of Court