**Kenneth K. Shaw, Jr.**
ATTORNEY AT LAW
120 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
Telephone 312-236-6405

**FILED**

AUG 31 2021 SH

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

Kenneth K. Shaw, Jr.

August 4, 2021

Thomas G. Bruton
Clerk of the Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

Via United States Mail

                                       Re: Wells Fargo Bank, N.A., as Trustee v.
                                               Wilks
                                               08 CV 3910

Dear Clerk of the Court,

       Thank you for your letter of August 3, 2008. From a telephone call to your office, it is my understanding that I should respond by a letter as opposed to filing something and that your office would place whatever is necessary on the docket. Please let me know if I should also be filing something directly.

       Kropik Papuga & Shaw's file on this matter has been closed for over ten years. However, I reviewed the firm's electronic notes for this matter and note the following:

       The Plaintiff in this matter was Wells Fargo Bank, N.A., Successor to Wells Fargo Bank Minnesota, N.A. successor to Norwest Bank Minnesota N.A. as Trustee for Certificate Holders of SACO1 Series 1999-2. The matter was a foreclosure of a mortgage that was held by Wells Fargo Bank, N.A. as Trustee for the Certificate Holders not in its individual capacity.

       Our notes confirm that on December 3, 2008 our office appeared in court on our Motion for the entry of a Judgment of Foreclosure and Sale. At the same time we also presented a Motion for a finding that the real estate that was the subject of the foreclosure was vacant and abandoned. The Motion for Abandonment was supported by an affidavit. Neither the Defendant nor an attorney for the Defendant filed an appearance in the case nor did they appear in court on that day.

       The notes reflect that a brother of the Defendant, Paul Wilks, was present in court on that day. The notes further reflect that Judge Nordberg read the affidavit of abandonment out loud and found that Plaintiff was entitled to the orders that were entered. Mr. Wilks was not a Defendant in the matter and was not an attorney. The notes do not reflect that Mr. Wilks contested the entry of either the Judgment of Foreclosure or the finding of abandonment. The notes do not reflect any further communications from either the Defendant, an Attorney for the Defendant or anyone else on the Defendant's behalf.

A review of the Cook County Clerk's Office Web site indicates that the Special Commissioner's Deed that was issued pursuant to the Judgment of Foreclosure was issued to Federal National Mortgage Association. This deed placing Federal National Mortgage Association into title was recorded on December 10, 2009. On that same day, December 10, 2009, another deed was recorded transferring the title from Federal National Mortgage Association to Chicago Title Land Trust #800235098. On September 20, 2010 a deed was recorded transferring title from Chicago Title Land Trust, as trustee to Pauline Gordon. From the review of Cook County Clerk's web site, it appears that title to the subject property has remained in Pauline Gordon since September 20, 2010.

Based upon the foregoing, I agree with your belief that Judge Nordberg's failure to disqualify himself was inadvertent and that his ownership of stock did not affect or impact his decision in this case.

Very truly yours,

Kenneth K. Shaw, Jr.